IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALABAMA GAS CORPORATION,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CASE NO. 2:13-CV-580-WKW |
| ) | |
| GAS FITTERS LOCAL UNION NO. 548  ) | |
| OF THE UNITED ASSOCIATION,  ) | |
| AFL-CIO-CLC,  ) | |
| ) | |
| Defendant.  ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case is before the court on the plaintiff/counter-defendant Alabama Gas Corporation's ("Alagasco") Motion for Summary Judgment (Doc. #14), the defendant/counter-claimant Gas Fitters Local Union No. 548 of the United Association, AFL-CIO-CLC's ("Local 548") Motion for Summary Judgment (Doc. #16), and Local 548's Motion to Strike an Evidentiary Submission (Doc. #18). The parties have briefed these motions, and they are ripe for resolution. Local 548's motions are due to be granted in part and denied in part, and Alagasco's motion is due to be denied.

## I.  JURISDICTION AND VENUE

The court has original jurisdiction over the actions brought by the parties pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The parties do not contest personal jurisdiction or venue.

## II.  STANDARD OF REVIEW

The parties agree that summary judgment is especially appropriate in a review of an arbitration award in which there is no material factual dispute. To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id*.  Or a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B)

recognizes that a party need not always point to specific record materials. . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact."). If the movant meets its burden, the burden shifts to the nonmoving party to establish – with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists. *Celotex*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III. BACKGROUND

This is an action for review of an arbitration award rendered pursuant to a labor-management collective bargaining agreement. Alagasco sued to vacate the arbitration award, and Local 548 countersued to enforce. (Def.'s Mot. Stay Settings, at ¶1.) There is no dispute as to any material fact, and the Arbitrator's findings of fact below will not be disturbed by this court. (*Id*. at ¶¶2-4.) The facts are briefly summarized here.

Moseley had been employed by Alagasco since July 5, 1989, and had risen to the position of Senior Mechanic and been designated as a Working Foreman. In July 2012, Alagasco received a complaint from a co-worker about troubling statements allegedly made by Moseley that indicated a potential for workplace

3

violence, and an investigation ensued. Alagasco managers interviewed Moseley, in the presence of his union representative, some days later on August 1, 2012. In that interview, Moseley admitted to the statements attributed to him and to the possession of a firearm in his personal vehicle in Alagasco's parking lot. Alagasco suspended him that day, and then terminated him on August 6, 2012.

Moseley and Local 548 followed the grievance procedure in the governing Collective Bargaining Agreement, and Moseley's grievance was referred to binding arbitration. Arbitrator Jack Clarke held the arbitration hearing on February 22, 2013, to determine if there was just cause for Moseley's suspension and discharge, and if any remedy was due. Several Alagasco managers testified, as did Moseley. Notably, Moseley's co-workers, including those reporting the troubling statements, did not testify. Therefore, the Arbitrator did not permit their hearsay testimony, as reported to Alagasco during the investigation, for the truth of the matter asserted. The Arbitrator found that Moseley's "remarks were made in contexts in which they were not threatening and most [were] not noteworthy with respect to a propensity for violence." (Arbitrator's Op. & Award, at 10.) He further found that Alagasco conceded that the "main factor" for the discharge was that Moseley had a loaded handgun in his vehicle in the company's parking lot, and such possession was a violation of Alagasco's employment rules set out in

Policy No. 401, of which Moseley had been made aware in 2010 and 2011. (*Id.* at 17-18.) For this reason, he denied the grievance in part.

An element of the just cause standard is that "there is a reasonable relationship between an employee's misconduct and the punishment imposed." (*Id.* at 16.) In determining the reasonableness of the punishment, the Arbitrator considered all relevant factors, including Moseley's work record and the seriousness of the misconduct. He found that the misconduct was serious, as "guns have the potential to inflict serious and indeed mortal injury and have no place in the workplace." (*Id.* at 19.) However, considering Moseley's "clean disciplinary record and an outstanding work record developed over 23 years of service" and the fact that Alagasco learned about the firearm in the vehicle only when Moseley responded truthfully to Alagasco's questions, the Arbitrator found that the discharge "was so excessive a punishment as to exceed the bounds of reasonableness." (*Id.* at 19.) For this reason, the grievance was granted in part. On May 16, 2013, the Arbitrator directed Alagasco to reduce the discharge to a 30-calendar-day suspension, beginning on August 1, 2012, and to reinstate Moseley to his former job with backpay and full seniority.

Alagasco now challenges the arbitration award on the ground that Moseley's reinstatement violates public policy as a matter of law and that Local 548's counterclaim is barred by the statute of limitations. Local 548 seeks enforcement

of Moseley's reinstatement. Local 548 also moves to exclude the affidavit and expert opinion of Carol S. Dodgen, which were submitted by Alagasco in support of summary judgment.

## IV. DISCUSSION

### A. Statute of Limitations Has Not Run

In its response to Local 548's summary judgment motion, Alagasco claims that Local 548's counterclaim is filed outside the three-month limitations period set forth in *United Steel v. Wise Alloys*, 642 F.3d 1344 (11th Cir. 2011). That three-month limitations period, however, governs actions to *vacate* arbitration awards and thus is inapplicable to Local 548's counterclaim. The statute of limitations for actions to *enforce* arbitration awards is six months. *Samples v. Ryder Truck Lines*, 755 F.2d 881, 888 (11th Cir. 1985). Assuming the limitations period begins on the date of the arbitration award, the counterclaim is not barred, as Local 548 filed its answer and counterclaim on October 2, 2013, less than six months from the date of the arbitration award on May 16, 2013. Accordingly, Alagasco's summary judgment motion will be denied in part.

### B. Expert Opinion is Excluded

Local 548 filed a motion to exclude the affidavit and expert opinion of Carol S. Dodgen (Doc. #20) submitted by Alagasco in support of its motion for summary judgment. Local 548 argues that the expert evidence is inadmissible as an

arbitrator's findings of fact cannot be disturbed on review; new and/or expert evidence cannot be considered on review; a public policy challenge must be founded on laws and legal precedents rather than on a factual inquiry; and it is irrelevant and unhelpful under the Federal Rules of Evidence.  The court agrees with all of the above.  Local 548's motion (Doc. #20) will be granted, and Exhibit 2 to Alagasco's motion for summary judgment is excluded from consideration.

**C.     Public Policy Challenge Fails**

Alagasco seeks vacatur of the Arbitration Award on the grounds that Moseley's reinstatement violates public policy.  Courts play a very limited role in reviewing arbitral awards, due to the congressionally-mandated preference for private settlement of grievances under the Labor Management Relations Act.  *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001); *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 36-37 (1987).  Although courts generally cannot consider arbitration awards on their merits or otherwise second guess the arbitrator, the question whether an arbitrator's interpretation of a collective bargaining agreement is contrary to public policy is one for the courts to decide.  *Misco*, 484 U.S. at 36-40, 43; *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber Workers*, 461 U.S. 757, 766 (1983).  However, such authority is not "a broad judicial power to set aside arbitration awards as against public policy."  *Misco*, 484 U.S. at 43.  To prevail on the claim of vacatur on

public policy grounds, Alagasco has the burden to prove three general elements. First, the arbitrator's interpretation of the collective bargaining agreement (*i.e.*, Moseley's reinstatement) violates "some explicit public policy that is well defined and dominant." *Misco*, 484 U.S. at 43 (quotation marks omitted). Second, that policy is ascertainable "by reference to the laws and legal precedents and not from general considerations of supposed public interests." *Id.* at 43 (quotation marks omitted). Third, the violation of the public policy must be "clearly shown" and not be based on "speculation or assumption." *Id.* at 44.

Alagasco identifies the relevant public policy as its duty to provide a "safe working environment for Alagasco's employees and its customers." (Pl.'s Br. Supp. Summ. J., at 20.) Alagasco contends that this public policy is ascertained by reference to the Occupational Safety and Health Act ("OSHA"), which *inter alia* imposes an affirmative duty to provide a workplace that is "free from recognized hazards that are causing or are likely to cause death or serious physical harm." 29 U.S.C. § 654(a)(1). To the extent the arbitration award reinstates Moseley's employment, Algasco claims that it violates public policy. "Alagasco cannot allow him to return to the workplace and to serve customers without compromising a safe environment." (Pl.'s Br. Supp. Summ. J., at 21).

However, this statute, referred to as the "general duty clause," does not constitute an explicit, well-defined, and dominant public policy justifying the

vacatur of the arbitration award in the case at bar. Of course, there is a general public interest in maintaining a violence-free workplace, but this is not the type of public policy that would make Moseley's reinstatement a violation of the collective bargaining agreement. Supreme Court precedent is instructive. An arbitration award requiring an employer to violate judicial orders or to violate the requirements of Title VII of the Civil Rights Act of 1964 would justify vacatur. *W.R. Grace*, 461 U.S. at 766-72. Such violations are not present in Moseley's reinstatement. There is no public policy in American law (and certainly not in current Alabama law, *see* Ala. Code § 13A-11-90) that requires all employees who have a gun in their personal vehicle parked on their employer's property to be terminated from their employment. Moseley's reinstatement is more akin to those in *Misco* and *Eastern Associated*. Vacatur of an award to reinstate an employee in possession of marijuana in another's car in the parking lot during work hours was not justified by a general public policy against the operation of dangerous machinery by persons under the influence of drugs or alcohol. *Misco*, 484 U.S. at 42-44. Similarly, vacatur of an award to reinstate an employee truck driver who twice tested positive for marijuana use was not justified by public policy found in transportation regulations that require sanctions for positive drug tests. *Eastern Associated Coal Corp. v. United Mine Workers of America*, 531 U.S. 57, 65-67.

Even if OSHA's general duty clause was sufficient to establish public policy, Alagasco still fails to show that Moseley's reinstatement is a "clear" violation of that policy. *Misco*, 484 U.S. at 44. The arbitrator did not find Moseley's employment to be a recognized hazard that has caused or is likely to cause death or serious physical harm, per 29 U.S.C. § 654(a)(1). The arbitrator did not even find that Moseley threatened his co-workers, although one would not know it from a casual reading of Alagasco's briefing. Alagasco does not argue that the mere presence of a firearm in the workplace parking lot is the hazard about which it is concerned. Instead, Alagasco relies on the sensational argument that the presence of firearms, coupled with threatening behavior, is correlated with widely-publicized, horrific acts of mass murder. It is axiomatic that correlation is not causation. Moreover, Alagasco chose not to prove the alleged threats by direct, reliable evidence.

Absent some reliable evidence of Moseley's threatening behavior, and some evidence that his employment will actually or probably cause serious injury or death, Alagasco is asking this court to engage in "speculation and assumption" prohibited by *Misco*. The parties agreed to binding arbitration conducted by Arbitrator Clarke, who took the testimony and adjudged the credibility of witnesses, including Moseley. Although he recognized that firearms have the potential to inflict serious injury or death and do not belong in the workplace

10

(except in the hands of trained security personnel), Arbitrator Clarke did not find nor conclude that Moseley was a danger to his co-workers. (Arbitrator's Op. & Award, at 18-19). To vacate the arbitration award, this court would have to ignore Arbitrator Clarke's factual findings and conclusion, assume that Moseley engaged in threatening behavior despite there being no credible evidence of that fact, and speculate that the assumed threats would translate into actual violence in the workplace. The court is simply not authorized to do these things per *Misco* and other Supreme Court precedent.

Alagasco relies heavily on *Delta Air Lines*. Delta had discharged a pilot who flew a passenger airliner while intoxicated. Although such action was in violation of Delta procedures, FAA regulations, and the criminal law, the arbitration panel found no just cause for the discharge and reinstated the pilot. The Eleventh Circuit vacated the arbitration award, reasoning that the pilot's misconduct was "inextricably related to the performance of employment duties," and thus Delta had a duty to prevent the wrongdoing by discharging the pilot. *Delta Air Lines v. Air Line Pilots Ass'n*, 861 F.2d 665, 674 (11th Cir. 1988). However, Moseley's misconduct is unlike that of Delta's pilot in at least three significant ways. First, Moseley's misconduct was not integral to the performance of his employment duties. Second, Moseley may have violated Alagasco's Policy No. 401, but he did not violate federal agency regulations and the criminal law that

11

formed the basis of a well-defined and dominant public policy. Third, Moseley's reinstatement was not a clear violation of any public policy. *Delta Air Lines* is not controlling here.[1]

The court is not unsympathetic to Alagasco's concerns about workplace violence and about violations of its clear and well-founded rules against guns in the workplace. Moseley earned discipline; the arbitrator's determination that his termination was unreasonable and that a lesser penalty was due, however, cannot be vacated for the reasons stated. Alagasco's motion for summary judgment will be denied, Local 548's motion for summary judgment will be granted, and the arbitration award will be confirmed.

## D.     Attorney's Fees Are Not Due

Local 548 claims that it is entitled to an award of attorney's fees and expenses. The Eleventh Circuit has indicated a willingness to sanction "those who attempt to salvage arbitration losses through litigation that has no sound basis in the law applicable to arbitration awards." *B.L. Harbert Int'l v. Hercules Steel Co.*, 441 F.3d 905, 914 (11th Cir. 2006), *questioned on other grounds as stated in Frazier v. Citifinancial Corp.*, 604 F.3d 1313, 1321 (11th Cir. 2010). In light of

---

[1] Several cases citing *Delta* point out *Delta*'s disagreement with *Misco*, or they otherwise disagree with, doubt, decline to follow, or distinguish the holding and rationale in that case. Borrowing a phrase from another court, "it is difficult to reconcile either the rationale or result," *Am. Postal Workers Union v. United States Postal Serv.*, 789 F.2d 1, 9 (D.C. Cir. 1986), in *Delta Air Lines* with Supreme Court precedent. *See also Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1215 (9th Cir. 1989). Regardless, the case at bar is distinguishable from *Delta Air Lines*.

the *Delta Air Lines* precedent in this circuit, which arguably supports Alagasco's position despite ultimately being inapposite to the facts in this case, the court finds that Alagasco did not take a wholly unreasonable position in challenging the arbitration award. Thus, sanctions against Alagasco are unfounded and Local 548's claim for attorney's fees and expenses will be denied.

## V.  CONCLUSION

Accordingly, it is ORDERED that:

(1) Local 548's Motion to Exclude Affidavit and Opinion of Carol S. Dodgen (Doc. #20) is GRANTED;

(2) Alagasco's Motion for Summary Judgment (Doc. #14) is DENIED, and Alagasco's request for vacatur of the arbitration award is DENIED;

(3) Local 548's Motion for Summary Judgment (Doc. #16) is DENIED in part, with respect to its request for sanctions in the form of attorney's fees and expenses;

(4) Local 548's Motion for Summary Judgment (Doc. #16) is otherwise GRANTED, and Local 548's request for confirmation of the arbitration award is GRANTED; and

(5) The arbitration award dated May 16, 2013, is CONFIRMED. Final Judgment in favor of Local 548 and against Alagasco will be entered in accordance therewith.

DONE this 23rd day of July, 2014.

                                                  /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE